BERZON, Circuit Judge,
dissenting in part:
I agree that we should remand as to the Brady issue. I would, however, also grant the Motion for Stay and Partial Remand for Reconsideration in Light of Martinez v. Ryan. Petitioner-appellant Gallegos has presented this panel with potentially mitigating evidence of organic brain damage sufficient to render his claim of ineffective-¿ssistance-of-sentencing-counsel á “new claim” under Dickens v. Ryan, 740 F.3d 1302 (9th Cir.2014). I would remand to the District Court to evaluate whether Gallegos can show cause and prejudice in light of Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).
*1040 CALLAHAN, Circuit Judge,
dissenting in part:
I concur in the denial of Michael- Gallegos’ motion to remand in light of Martinez v. Ryan, 132 S.Ct. 1309 (2012). I dissent from our grant' of his motion to remand based on an alleged claim under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
I would find that Gallegos’ proposed Brady claim is untimely pursuant to AED-PA’s one-year period of limitations. See 28 U.S.C. § 2244(d)(1) (“a 1-year period of limitation shall apply to an application for a writ Of habeas corpus by a person in custody pursuant to the judgment of a State court.”); Mardesich v. Cate, 668 F.3d 1164, 1173 (9th Cir.2012) (applying “the AEDPA statute of limitations on a claim-by-claim basis”). The motion— Gallegos’ first suggestion that he has a Brady claim — was filed in the Ninth Circuit just one day short of the anniversary; of our decision in Milke v. Ryan, 711 F.3d 998, 1020-21 (9th Cir.2013). It does not appear that Gallegos has filed such a claim in an Arizona state court, or in the federal district court. Gallegos appears to be relying on his motion to somehow stay the time for seeking relief in the state court or district court. But the materials before us reveal that even if a Brady claim could be raised for the first time in a motion on appeal, here the motion is untimely.
A number of factors compel this conclusion. First, Detective Saldate’s misdeeds were recorded in state court decisions that issued in 1989 and 1990, See Milke, 711 F.3d at 1020-21. Thus, the information was not something that was hidden from, or unavailable to, Gallegos. It was in the public domain, presumably available to all, years before Gallegos filed his motion to remand.
Second, the Arizona Federal Public Defender — the office that has represented Gallegos since at least February 2009— raised similar allegations concerning Sal-date in Runningeagle v. Ryan, 686 F.3d 758 (9th Cir.2012). The December 2009 opening brief in .Runningeagle■ indicates that even if Gallegos’s counsel did not actually know about Saldate’s misdeeds, they should have known about them well before the March 2013 opinion in Milke. The Arizona Federal Public Defender’s Office does excellent work, on death penalty cases. It seems incredible to me that in light of the allegation that Saldate had “been repeatedly accused of improper behavior and coercive interrogation,” the attorneys representing Gallegos were unaware of Saldate’s flaws. Certainly, they could not have been unaware of the relevance of Saldate’s character, as the trial court denied the motion to suppress based on his testimony.
Third, the motion only represents what defense counsel did after we issued our opinion in Milke. After Milke, counsel attempted to speak to Saldate and requested documents from the Maricopa County Attorney’s Office. Counsel alleges that then, in the summer of 2013, they learned that “all of Det, Saldate’s files had been destroyed by unknown persons on unknown dates.” Motion at 4. However, counsel’s efforts in 2013 simply do not excuse the failure to act sooner.[1]
Accordingly, I would deny Gallegos’ motion to remand based, on an alleged Brady claim as untimely pursuant to 28 U.S.C. § 2244(d)(1). ■ '

. Contrary to the implication raised in the motion to remand, it is not unusual that documents that no one had looked at or requested in over twenty years would no longer be available.